UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL SATKOWIAK and
PRIZZA SATKOWIAK,

                Plaintiffs,                       Case Number 24-11229
                                                    Honorable David M. Lawson

v.

BRIAN MARSHALL and JUSTIN SMITH,

                Defendants.

_____/

## <u>OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION</u>

The plaintiffs sued defendants Brian Marshall and Justin Smith, two officials employed by the Michigan Department of Environment, Great Lakes, and Energy (EGLE), alleging that they unlawfully inspected the plaintiffs' rural land when investigating a wetlands pollution complaint. The plaintiffs contended, among other things, that the defendants violated their rights under the Fourth Amendment and sued them in their individual and official capacities. The defendants filed a motion to dismiss, which the Court granted in part, by dismissing the official capacity claims as barred by the Eleventh Amendment. The plaintiffs now move for reconsideration of that part of the ruling, arguing that an exception to the Eleventh Amendment immunity bar recognized by *Ex parte Young*, 209 U.S. 123 (1908), allows the Court to enjoin the state officials from engaging in ongoing and future constitutional violations. Those "ongoing violations," according to the plaintiffs, consist of the retention of the information in the form of notes and perhaps photographs that the defendants acquired during their inspection. However, the plaintiffs have not shown that the retention of information, even if obtained unlawfully, amounts to a continuing Fourth Amendment violation. Because the plaintiffs have not argued persuasively that the Court's earlier opinion was wrong, the motion for reconsideration will be denied.

I.

In their complaint, the plaintiffs allege that the defendants, acting as agents of EGLE, conducted an unannounced search of the plaintiffs' property without permission or a warrant. The defendants apparently were investigating a complaint that the plaintiffs had violated a section of Michigan's Natural Resources and Environmental Protection Act (NREPA), which generally governs wetland protection and conservation. *See* Mich. Comp. L. §§ 324.30304, *et seq*. The plaintiffs had been sued previously by the state for unlawfully dredging and polluting other wetlands in Mount Forest Township, Michigan by dumping sugar beet production waste. *See Satkowiak v. McClain*, 762 F. Supp. 3d 629, 632-33 (E.D. Mich. 2024), *aff'd*, No. 24-1600, 2024 WL 5088685 (6th Cir. Dec. 12, 2024).

Defendant Smith sent the plaintiffs a letter notifying them of the inspection about three weeks later. Almost immediately thereafter, the plaintiffs commenced the present action. Their complaint alleged violations of state and federal law. In response to the defendants' motion to dismiss, the plaintiffs agreed to dismiss their state law claims, leaving only the Fourth Amendment claim.

As to that claim, the Court held that the plaintiffs pleaded sufficient facts to sustain a cause of action against the defendants in their individual capacity, reasoning that the pleaded facts overcame the defendants' qualified immunity defense at that stage of the case. However, the Court held that the official capacity claim was barred by the Eleventh Amendment. The Court recognized that the complaint contained a request to enjoin future inspections, but it concluded that "the doctrine of *Ex parte Young* does not save their official-capacity claims because Plaintiffs do not allege they are subject to ongoing Fourth Amendment violations." ECF No. 12 at PageID.140. The Court found that the plaintiffs alleged only that they "*experienced* harm" because the

defendants "*conducted* a search of [their] property on *April 11, 2024*."  *Id.* at PageID.140–41 (emphasis in original).  The Court did not address the theory that an ongoing Fourth Amendment violation might result from the defendants' retention of the fruits of their investigation.

The plaintiffs now move for reconsideration of that aspect of the prior ruling, asserting that the official capacity claim should survive so that the plaintiffs can seek relief in the form of an injunction directing the defendants to "destroy" the information that they acquired during their inspection.

II.

The Court's previous opinion and order on the motion to dismiss was not a final order.  *See Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 715 (6th Cir. 2015).  Under Eastern District of Michigan Local Rule 7.1(h), reconsideration of non-final orders may be granted if:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2) (effective Dec. 1, 2021).  The plaintiffs have not specified which section of the rule they invoke, but based on their argument, it appears that subparagraph (A) is the likely candidate.

As the Court explained in its earlier opinion, "[u]nder the Eleventh Amendment, states generally have sovereign immunity from suit in federal court." *Enbridge Energy, LP v. Whitmer*, 135 F.4th 467, 473 (6th Cir. 2025) (citing *Va. Off. for Prot. & Advoc. v. Stewart (VOPA)*, 563 U.S. 247, 253-54 (2011)).  "Unless immunity is removed, individuals cannot seek 'monetary damages

or retrospective relief.'" *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) (quoting *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024)). This species of immunity also covers state officials sued in their official capacities. *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017). There are certain exceptions to the doctrine, for example, where a state official is sued by a plaintiff seeking exclusively prospective injunctive relief for future violations of constitutional rights. *Id.* at 410 (citing *Ex parte Young*, 209 U.S. 123 (1908)). "To determine if *Ex Parte Young* applies, [the Court] 'need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."'" *Id.* at 412 (quoting *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

The plaintiffs do not appear to contest the Court's prior ruling that the fear of more unannounced inspections did not support a request for prospective injunctive relief. Instead, they contend that the defendants' retention of the information obtained during the inspection is an ongoing violation of the Fourth Amendment. The Court disagrees.

The Fourth Amendment protects against both unreasonable searches and seizures. U.S. Const. amend. IV. It is important to distinguish between the two, however, because "[d]ifferent interests are implicated by a seizure than by a search." *Segura v. United States*, 468 U.S. 796, 806 (1984) (plurality opinion). "A seizure affects only the person's possessory interests; a search affects a person's privacy interests." *Id.*

Under prevailing Fourth Amendment jurisprudence, "a search occurs when a government official invades an area in which 'a person has a constitutionally protected reasonable expectation of privacy.'" *Taylor v. City of Saginaw*, 922 F.3d 328, 332 (6th Cir. 2019) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)). Certainly, the defendants' initial

- 4 -

inspection while on the plaintiffs' property can be characterized as a "search" under this definition. But the gathering of the information is not the focus of the plaintiffs' present motion. Instead, it is the retention of that information. Analyzing a similar claim involving the retention of medical samples acquired from infants at birth, the Sixth Circuit concluded that "much of defendants' conduct is not a search because it is not 'an attempt to find something or to obtain information.'" *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 141 F.4th 796, 809 (6th Cir. 2025) (quoting *United States v. Jones*, 565 U.S. 400, 408 n.5 (2012)). The same observation holds true here. The plaintiffs do not seek to prevent the defendants from obtaining more information; instead, they want the defendants to destroy what they discovered already. The plaintiffs' grievance addressed by the present motion targets a seizure.

"A Fourth Amendment seizure of property occurs 'when there is some meaningful interference with an individual's possessory interests' in the property seized." *Id.* at 810 (quoting *F.P. Dev., LLC v. Charter Twp. of Canton*, 16 F.4th 198, 208 (6th Cir. 2021)). The elements of a claim for unreasonable seizure under the Fourth Amendment consist of proof of the plaintiffs' "possessory interest in the [seized] property", the state's meaningful interference with that possessory interest, and a showing that the interference was "unreasonable." *Ibid.* (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

The plaintiffs have not alleged an unlawful seizure claim, let alone a continuing one, because they have not accused the defendants of taking anything. Although they have pleaded facts showing that a search occurred, they do not state that the defendants took any property in which they held a possessory interest. The complaint doesn't even allege that a seizure took place. And the motion brief states only that the defendants made observations and may have recorded some photographs. The plaintiffs cite no case, however, that supports the argument that data or

information observed by state actors constitutes "property" that is subject to an unlawful seizure claim.

The plaintiffs seek the destruction of the information that the defendants obtained during their inspection and rely on out-of-circuit cases for support. One case, *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (en banc), addressed a criminal defendant's motion for return of physical property that was seized by government agents as outside the scope of a search warrant. 621 F.3d at 1166–67. That case was decided under Federal Rule of Criminal Procedure 41(g). It did not address whether data or information constituted "property" within the meaning of a Fourth Amendment unlawful seizure claim.

The plaintiffs also cite *Snitko v. United States*, 90 F.4th 1250 (9th Cir. 2024), another case decided under Criminal Rule 41(g), although not in the criminal context. In that case, the government searched a number of safe deposit boxes as part of a money laundering investigation. *Id.* at 1255-56. The agents seized property of several individuals who were not involved in criminal activity. When the government attempted to forfeit the property, several individuals brought a class action under Rule 41(g) for return of the property. Eventually, the government gave back much of the seized cash and many of the items, but the plaintiffs also sought the destruction of the inventory records of the search and the photographs of the inside of the safe deposit boxes. *Id.* at 1258. The government consented to that relief. *Id.* at 1266. The most that can be said of this case is that it parallels the relief that the plaintiffs seek in this case. It does not support or even mention the concept that data constitutes "property" under seizure jurisprudence, and it is silent on the question whether retention of data and information learned during a search amounts to a continuing Fourth Amendment violation.

The complaint does not allege a continuing violation of federal law.  The injunctive relief that the plaintiffs seek is not directed at staunching future violations; it is a remedial request to address a past violation of the Fourth Amendment.  The plaintiffs have brought no claim seeking exclusively prospective injunctive relief for future violations of constitutional rights so as to trigger the *Ex parte Young* exception to the Eleventh Amendment immunity bar for actions against state officials.

III.

Although the Court did not address in its previous opinion the plaintiffs' continuing violation theory based on the retention of data and information acquired during the allegedly unlawful inspection, that theory will not support a claim for prospective injunctive relief.  The plaintiffs have not shown that the Court made a mistake in its earlier opinion based on the record and law before the Court at the time, much less that correcting the mistake would change the outcome of the prior decision.  *See* E.D. Mich. LR 7.1(h)(2)(A).

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration (ECF No. 13) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 6, 2026